THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT SINCLAIR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HOME DEPOT, U.S.A., INC., <br><br> Defendant. | CASE NO. C19-1971-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's Motion to Compel, Motion for a Continuance, and Motion for Sanctions (Dkt. No. 19.) Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion, in part, and DENIES the motion, in part, for the reasons explained herein.

**I.   BACKGROUND**

Plaintiffs brought suit in King County Superior Court in November 2019 following Plaintiff Robert Sinclair's February 2019 slip and fall at a Home Depot in Shoreline, Washington while Mr. Sinclair was working for a separate employer. (Dkt. No 1-1.) Defendant removed the case in December 2019. (Dkt. No. 1). This Court set a February 8, 2021 trial date, with a discovery cutoff 120 days prior to trial. (Dkt. Nos. 9.) Defendant issued its first set of interrogatories and requests for production on March 6, 2020. (Dkt. No. 20 at 8–27.) In late July, Plaintiffs produced some medical records, an invalid authorization for release of Plaintiff Robert

Sinclair's employment records, and unsigned responses to Defendant's interrogatories. (Dkt. No. 20 at 43–63.) Defendant's counsel requested, over e-mail, that Plaintiffs supplement their responses, which Plaintiffs have yet to do. (Dkt. No. 20 at 65–68.) Defendant's counsel attempted to schedule a time to meet and confer with Plaintiffs' counsel regarding the matter, without success. (Dkt. No. 20 at 68–78.)

In light of looming discovery cutoff and trial dates, Defendant moves the Court to reset the discovery cutoff and continue the trial. (Dkt. No. 19.) Defendant also moves the Court to compel Plaintiffs to supplement their responses to Defendant's first set of interrogatories and requests for production. (*Id.*) Finally, Defendant seeks reasonable expenses in bringing this motion. (*Id.*)

## II. DISCUSSION

Discovery motions are strongly disfavored. However, if the parties are unable to resolve their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1), 45(d)(2)(B)(i). The Court has broad discretion to decide whether and how to respond to such a motion. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### A. Motion to Compel

The Court has reviewed Defendant's first interrogatories and requests for production, along with Plaintiffs' responses. (Dkt. No. 20 at 43–63.) The Court FINDS Plaintiffs' responses to the following interrogatories not sufficient to be deemed responsive: 6, 7, 9, 10, 11, 12, 13, 16, 17, 19. The Court also finds Plaintiffs' responses to the following requests for production insufficient: 4, 14, 16. Accordingly, Plaintiffs are ORDERED to fully and adequately supplement their responses to the above-referenced interrogatories and requests for production within fourteen (14) days of this order. Failure to do so may result in the imposition of sanctions under Rule 37, including dismissal of the matter.

//

### B.  Motion to Continue

By failing to fully and timely respond to Defendant's interrogatories and requests for production, Plaintiff leaves the Court little choice but to grant Defendant's motion to continue. Accordingly, case management dates are RESET, as follows:

- Discovery cutoff:     December 18, 2020
- Dispositive motion filing deadline:   January 15, 2021

The trial date and deadlines for pretrial motions are hereby STRICKEN. The United States Courthouse in Seattle remains closed in light of the novel coronavirus pandemic, with a substantial trial backlog once it reopens. *See* W.D. Wash. Gen. Orders Nos. 02-20, 11-20, 13-20. Given these circumstances, the Court will not currently set the trial date and the deadline for pretrial motions. Instead, within twenty-one (21) days of the Court's resolution of any dispositive motion(s) in this matter, or of the reopening of the Seattle Courthouse, whichever is later, the parties are ORDERED to meet and confer and to provide the Court with a Joint Status Report.[1]

### C.  Expenses

While Federal Rule of Civil Procedure 37 generally requires the Court to order the payment of a party's reasonable expenses in bringing a motion to compel, exceptions do apply. *See* Fed R. Civ. P. 37(a)(5)(A). Here, the parties' discovery dispute arose at the height of the COVID-19 pandemic. On this basis, the Court FINDS an award of expenses under these circumstances would be unjust. *See* Fed R. Civ. P. 37(a)(5)(A)(iii). However, the Court is unlikely to find that the COVID-19 pandemic will serve as a continued basis to deny an award of expenses, should further discovery disputes arise.

//

---

[1] This meet-and-confer must be a face-to-face meeting or a telephonic conference. The Report must contain the following information: An updated estimate of the number of days needed for trial and the date by which the parties expect the case will be ready for trial. If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs; no separate reports are to be filed.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion (Dkt. No. 19), in part, and DENIES Defendant's motion, in part.

DATED this 23rd day of September 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE