THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ROBERT SINCLAIR, *et al.*,                          CASE NO. C19-1971-JCC

10                            Plaintiffs,            ORDER

11           v.

12    THE HOME DEPOT, U.S.A., INC.,

13                            Defendant.

14

15

16          This matter comes before the Court on Plaintiffs' motion to remand (Dkt. No. 32) and

17    Defendant's motion to dismiss (Dkt. No. 26). Having thoroughly considered the briefing and the

18    relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part

19    Plaintiff's motion to remand (Dkt. No. 32) and DENIES as moot Defendant's motion to dismiss

20    (Dkt. No. 26) for the reasons explained herein.

21    **I.      BACKGROUND**

22          Plaintiffs brought suit in King County Superior Court in November 2019 following

23    Plaintiff Robert Sinclair's February 2019 slip and fall at a Home Depot in Shoreline,

24    Washington. (Dkt. No 1-1.) In their complaint, Plaintiffs alleged that, "[a]s a result of slipping

25    and falling, plaintiff suffered severe permanent and disabling injuries causing him to have to

26    obtain medical care, including surgery." (*Id.* at 5.) Defendant removed the case in December

ORDER
C19-1971-JCC
PAGE - 1

1    2019, claiming that it was "'facially apparent' from the nature of the claims alleged, and more

2    likely than not from the types of damages sought, that the amount in controversy exceeds

3    $75,000." (Dkt. No. 1 at 3.) Since then, Defendant has repeatedly sought the Court's intervention

4    in resolving discovery disputes. (*See* Dkt. Nos. 10, 19.) Defendant now seeks to dismiss the case

5    as a sanction for Plaintiffs' failure to timely respond to Defendant's discovery request as ordered

6    by the Court. (Dkt. No. 26.) Concurrently, Plaintiffs move to remand on the ground that the

7    amount in controversy requirement is not satisfied. (Dkt. No. 32.) Because this Court's

8    jurisdiction is a threshold matter, the Court must address this issue before considering

9    Defendant's motion for sanctions.

10   **II.    DISCUSSION**

11          **A.    Legal Standard**

12          A party to a civil action brought in state court may remove that action to federal court if

13   the district court would have had original jurisdiction at the time of both commencement of the

14   action and removal. *See* 28 U.S.C. § 1441(a). Once removed, the case can be remanded to state

15   court for either lack of subject matter jurisdiction or defects in the removal procedure. *See* 28

16   U.S.C. § 1447(c). The removing defendant bears the burden of proving, by a preponderance of

17   the evidence, each element necessary to establish jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 567

18   (9th Cir. 1992). Federal subject matter jurisdiction exists in civil actions when the parties are

19   completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When the

20   amount in controversy is not clear from the face of the complaint, courts may consider other

21   "summary judgment-type" evidence to determine whether the amount reaches the jurisdictional

22   minimum. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

23          **B.    Amount in Controversy**

24          Given that the parties are diverse, the issue presented is whether the amount in

25   controversy exceeds $75,000. Plaintiffs indicate that their complaint contained a clerical error.

26   Robert Sinclair did not require surgery for his injuries. He received chiropractic, physical therapy

ORDER
C19-1971-JCC
PAGE - 2

1   and rehabilitative medical care, all of which are complete. (Dkt. No. 32 at 2–3.) He missed no

2   time from work and is not claiming any wage losses from his injuries. (*Id.* at 3.) His medical

3   expenses totaled just over $14,000. (*Id.*) The parties, in recently attempting to negotiate a

4   settlement in the matter, discussed a settlement ranging from $28,000 to $62,500. (Dkt. No. 38 at

5   2.)

6          Once consideration is given to Plaintiffs' clerical error, the claims described in their

7   complaint do not facially demonstrate that the amount in controversy in this matter exceeds

8   $75,000. Therefore, to defeat Plaintiffs' motion to remand, Defendant must present "summary

9   judgment-type" evidence to demonstrate that the amount in controversy exceeds $75,000.

10  *Kroske*, 432 F.3d at 980. Defendant fails to do so. Instead, it argues that Plaintiffs should not be

11  rewarded for their behavior. (Dkt. No. 36 at 10–11.) But the cases Defendant cites are inapposite.

12  (*See* Dkt. No. 36 at 8–9.) All involve Plaintiffs who attempted to game the system at the eleventh

13  hour or had a change in circumstances *after* the complaint was filed, thereby bringing the amount

14  in controversy below $75,000. *See, e.g.*, *Hill v. Blind Indus. and Servs. of Maryland*, 179 F.3d

15  754, 757 (9th Cir. 1999); *Selkowitz v. Litton Loan Servicing, LP*, 2010 WL 3733928, slip op. at 8

16  (W.D. Wash. 2010); *Townsley v. GEICO Indem. Co.*, 2013 WL 12090082, slip op. at 1 (W.D.

17  Wash. 2013); *Multistar Indus. v. Gen. Motors LLC*, 2019 WL 6877473, slip op. at 2 (E.D. Wash.

18  2019). This is not the case here. There was no change in circumstances. Plaintiff never required

19  surgery. Nor is Plaintiff now attempting to revise otherwise valid claims in an attempt to game

20  the system. Plaintiff simply never had those claims to begin with. Moreover, the Court finds that

21  prejudice, if any, to Defendant from removal is minimal, as no substantive rulings have yet been

22  made on this matter. That being said, Defendant had a reasonable basis to conclude that removal

23  was warranted, based upon Plaintiffs' erroneous complaint. Therefore, the Court will not award

24  attorney fees to Plaintiffs in accordance with 28 U.S.C. § 1447(c).

25         Finally, because this Court lacks subject matter jurisdiction here, it has no basis to impose

26  the sanction Defendant seeks in its motion to dismiss. (*See* Dkt. No. 26.)

1

**III.    CONCLUSION**

2          For the foregoing reasons, Plaintiffs' motion for remand (Dkt. No. 32) is GRANTED in

3   part and Defendant's motion to dismiss (Dkt. No. 26) is DENIED as moot. The Clerk is

4   DIRECTED to remand this case to King County Superior Court.

5

6          DATED this 24th day of November 2020.

7

8

9

10                                          John C. Coughenour
                                            UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C19-1971-JCC
PAGE - 4